**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

FERNANDO FUSTERO and
IDA DANDRIDGE

individually and on behalf of all others
similarly situated

Plaintiffs,

v.

DAVITA HEALTHCARE PARTNERS, INC. and
TOTAL RENAL CARE INC.

Defendants.

---

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

---

Fernando Fustero and Ida Dandridge, individually and on behalf of all others similarly situated as part of a collective pursuant to the FLSA, by and through their counsel, for their Complaint against Defendants DAVITA HEALTHCARE PARTNERS, INC. and TOTAL RENAL CARE INC. (hereinafter referred to as "Defendants") hereby state and allege as follows:

### STATEMENT OF THE CASE

1.      Defendants are a Fortune 500 Company that provides a variety of health care services to patients thought the United States and abroad.

2.      Defendants specialize in dialysis services for patients with chronic kidney failure and end stage renal disease.

1

3.    Each of the Plaintiffs worked within a geographic area designated and defined by Defendants as encompassing the states of North Dakota, South Dakota, Minnesota, Wisconsin, Michigan, and parts of Iowa, Illinois, Nebraska, Indiana, Ohio, Kentucky, and West Virginia, and are collectively referred to by Defendants as "Team Fusion."

4.    Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees were/are employees of Defendants working 40 hours in a workweek.  The workday begins at 12:00 a.m. and ends at 11:59 p.m. the same day.  The workweek begins at 12:00 a.m. on Sunday morning and ends at 11:59 p.m. on the following Saturday night.

5.    Plaintiffs and other Team Fusion DaVita clinical and/or clerical employees' shifts varied based upon assignment by management; however, Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees are scheduled for 8 hour, 10 hour, 12 hour, or 15 hour shifts, and they routinely worked overtime hours outside their scheduled shift hours for which they were not paid.

6.    Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees were/are all non-exempt employees of Defendants and were all subject to the same corporate directives known as "Teammate Policies."

7.    The Teammate Policies governed overtime pay and provided that employees eligible for overtime pay would be paid one and one-half times his or her regular rate of pay for hours worked in excess of 40 in any workweek.

8.    The Teammate Polices required that all overtime be authorized in advance by an employee's supervisor, and employees who worked unauthorized

COLLECTIVE COMPLAINT AND JURY DEMAND

overtime were subject to disciplinary action, including termination.  Thus, employees who were not able to get authorization in advance for working overtime, even if they did not know beforehand that they had to work overtime, were dissuaded from reporting overtime worked because of the possibility of disciplinary action, including termination.

9.      The Teammate Policies also provide for 30-minute unpaid meal periods for every six or more hours worked during a shift.

10.     However, if an employee needs to work during a meal period, then the meal period is considered time worked and the employee is to be paid accordingly.

11.     The number of hours allocated per shift and the work expected to be accomplished per shift are determined and set by corporate DaVita for the entire Team Fusion -Palmer Region.

12.     The number of hours allocated per shift and the work expected to be accomplished per shift are determined by centralized pay policies and/or practices that are based on centralized guidance and compliance reports from corporate DaVita which are used in all DaVita clinics throughout Team Fusion-Palmer and the United States to determine and limit the cost of labor including, but not limited to: Patient to Staff Ratios, Anaplan tracking of labor performance, Direct Patient Care budgets, Labor Forecasts Summaries, LEAD Reports for all clinics, monthly and yearly Labor Deep Dive reports, including reports on budget performance, labor, and overtime, for all clinics, chronic daytime labor reports for all clinics, Maestro scheduling for all clinics, People Net and Snappy documentation used by Deep Dive to arrive at labor hours for all clinics, open/close packets for all clinics, and Roll Ups of all labor hours for all clinics.

COLLECTIVE COMPLAINT AND JURY DEMAND

13.     Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees have the same or similar primary job duties of providing training, clinical, and/or clerical support for DaVita clinics throughout the Team Fusion-Palmer region which are controlled by Defendants' centralized corporate policies and procedures of restricting the budgeted amount to be paid to its employees (labor), but not allotting enough time to complete the work-related tasks to care for patients in DaVita dialysis clinics.

14.     Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees performed work prior to their shift, at the end of their shift, and during their meal breaks, which was unpaid by Defendants because it was not allotted by the budget.

15.     Defendants knew that Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees were performing overtime hours off the clock, but failed and refused to pay Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees for this work.

16.     In doing so, Defendants failed to pay Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees overtime wages for their work performed off the clock in excess of their 40 hour workweek.

17.     Defendants violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§201 *et. seq.*

18.     Plaintiffs seek compensation for Defendants' violations for the FLSA on their own behalf and behalf of all DaVita clinical and/or clerical employees employed at their clinics in the Team Fusion-Palmer Region.

COLLECTIVE COMPLAINT AND JURY DEMAND

## PARTIES, JURISDICTION, AND VENUE

19.    Plaintiff Fernando Fustero works as a non-exempt Dialysis Technician at DaVita from October 29, 2001 to the present. *See* Exhibit 1, Declaration of Fernando Fustero.

20.    Plaintiff Fustero is currently earning $16 per hour.

21.    Plaintiff Fustero is a resident of Illinois and worked primarily for the DaVita clinic in Rochford, Illinois.

22.    Plaintiff Fustero is a student who works full-time for DaVita for approximately 27 weeks while on break from school and works part-time for DaVita for approximately 25 weeks per year. When Plaintiff Fustero works part-time for DaVita, he does not work over 40 hours per week.

23.    Plaintiff Fustero's full-time hours are 8 hours shifts, 5 days per week and 43 hours per week, and when he works full-time, he works at least 40 hours per week during the relevant time period. *Id.*

24.    For example, for the workweeks from October 29, 2001 present date, when Plaintiff Fustero works full-time he works 2.5 hours off the clock per week before his shift performing job duties such as going through the opening checklist, making sure the water system is prepared and working properly, and filling the water tanks with bicarbonate. *Id.*

25.    For example, for the workweeks from October 29, 2001 present date, when Plaintiff Fustero works full-time he works 3.0 hours after his shift, off the clock per week, performing job duties. *Id.*

26.    From October 29, 2011 to present, Plaintiff Fustero clocks out for his meal breaks, but of the times he was clocked out for a meal break, 40 percent of his meal breaks are interrupted and/or completely missed, without compensation, due to co-worker interruptions and in order to complete his job duties.  This totals 1.0 hours per week. *Id.*

27.    From October 29, 2011 to present, when working full-time, Plaintiff Fustero works off the clock, over 40 hours per week, on behalf of Defendants for approximately 6.25 hours per week and is owed compensation for such. *Id.*

28.    Plaintiff Ida Dandridge worked as a non-exempt Patient Care Technician at DaVita from 1999 to September 2017. *See* Exhibit 2, Declaration of Ida Dandridge.

29.     Plaintiff Dandridge earned $20 per hour.

30.    Plaintiff Dandridge is a resident of Illinois and worked primarily for the DaVita clinics in Rochford, Illinois.

31.    For example, for the workweeks from 1999 to September 2017, Plaintiff Dandridge's shift was 4 to 5 days per week, scheduled for 12 hour shifts but working up to 19 hour shifts, totaling anywhere from 48 hours to 95 hours per week.  *Id.*

32.    From 1999 to September 2017, Plaintiff Dandridge worked off the clock, over 40 hours per week, on behalf of Defendants for approximately 0.02 hours per week and is owed compensation for such. *Id.*

33.    Upon information and belief, Defendant DAVITA HEALTHCARE PARTNERS is a Colorado incorporated company organized under the laws of Colorado doing business at 2000 16th Street Denver, CO 80202.

34.     Upon information and belief, Defendants TOTAL RENAL CARE, INC. is a Colorado incorporated company organized under the laws of Colorado doing business at 2000 16th Street Denver, CO 80202.

35.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs', and those similarly situated's, FLSA claims are based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

36.     Subject Matter jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants were/are an enterprise engaged in interstate commerce or in the production of goods for consumers as defined § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the Defendant was in excess of $500,000 per annum.

37.     Alternatively, Plaintiffs and other Team Fusion DaVita clinical and/or clerical employees work in interstate commerce so as to fall within the protections of the FLSA.

38.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(a).

## COVERAGE PURUSANT TO THE FAIR LABOR STANDARDS ACT

39.     At all times material hereto, Plaintiffs and other Team Fusion DaVita clinical and/or clerical employees were "employees" of Defendants within the meaning of FLSA because they were individuals employed by an employer.

40.     At all times material hereto, Plaintiffs Pat Sullivan, James Worsham and Starr Davis, and other Team Fusion-Palmer DaVita clinical and/or clerical employees were non-exempt employees, working at least 40 hours per workweek, who were eligible for overtime pay for all hours worked in excess of 40 hours in a workweek.

41.     At all times material hereto, Defendants were an "employer" within the meaning of FLSA because Defendants acted directly or indirectly in the interest of the employer in relation to an employee.  29 U.S.C. § 203(d). *See Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189 (D. Colo. 2012).

42.     The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326 (1992) (quoting 29 U.S.C. § 203(g)). "An entity 'suffers or permits' an individual to work if, as a matter of 'economic reality', the entity functions as the individual's employer." *Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33 (1961).

43.     At all times material hereto, Defendants were/are an employer because Defendants had the ability to do the following with respect to Plaintiffs and those and other Team Fusion DaVita clinical and/or clerical: hire and fire, supervise work schedules and conditions of employment, determined rates and method of payment and were obligated under the law to maintain employment records.

44.     Also, at all times material hereto, Defendants were/are an employer because Defendants held exclusive operational control over Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical, were responsible for training, clinical, and/or clerical support of dialysis clinics/ care of dialysis patients *and* had direct

COLLECTIVE COMPLAINT AND JURY DEMAND

responsibility for the supervision of Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees.

45.    At all times material hereto, Defendants employed two (2) or more employees.

46.    At all times material hereto, Defendants were, and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

47.    The FLSA defines an enterprise engaged in commerce or in the production of goods for commerce as one that "(a)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and* (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000...." 29 U.S.C. § 203(s)(1).

48.    At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

49.    At all times material hereto, Defendants gross annual revenue was in excess of $500,000 per annum during the relevant time periods.

50.    At all times material hereto, Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees were "engaged in commerce" and subject to individual coverage of the FLSA.

51.    Likewise, section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Because none of the FLSA

COLLECTIVE COMPLAINT AND JURY DEMAND

exemptions apply to Plaintiffs and those similarly situated, at all times material hereto, Plaintiffs and those similarly situated were/are non-exempt.

52.     Defendants are/were employers for the purposes of the FLSA, and are the proper Defendants/employers for Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical, non-exempt workers of Defendants.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

53.     Defendants issued pay checks to the Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical.

54.     Defendants issued policies and procedures to Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees which required them to perform the work at issue in this case.

55.     Defendants paid Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees on an hourly basis.  Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees were/are all hourly (non-exempt) employees of Defendants.

56.     Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees were/are employees of Defendants working 40 hours in a workweek.  The workday begins at 12:00 a.m. and ends at 11:59 p.m. the same day.  The workweek begins at 12:00 a.m. on Sunday morning and ends at 11:59 p.m. on the following Saturday night.

57.     Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees' shifts varied based upon assignment by management; however, Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees are scheduled

for 8 hour, 10 hour, 12 hour, or 15 hour shifts, and they routinely worked overtime hours outside their scheduled shift hours for which they were not paid.

58.     As a matter of uniform policy, the Teammate Policies governed overtime pay and provided that employees eligible for overtime pay would be paid one and one-half times his or her regular rate of pay for hours worked in excess of 40 in any workweek.

59.     As a matter of uniform policy, Teammate Polices required that all overtime be authorized in advance by an employee's supervisor, and employees who worked unauthorized overtime were subject to disciplinary action, including termination.  Thus, employees who were not able to get authorization in advance for working overtime, even if they did not know beforehand that they had to work overtime, were dissuaded from reporting overtime worked because of the possibility of disciplinary action, including termination.

60.     As a matter of uniform policy, the Teammate Policies also provide for 30-minute unpaid meal periods for every six or more hours worked during a shift.

61.     As a matter of uniform policy, if an employee needs to work during a meal period, then the meal period is considered time worked and the employee is to be paid accordingly.

62.     As a matter of uniform policy, the number of hours allocated per shift and the work expected to be accomplished per shift are determined and set by corporate DaVita for the entire Team Fusion-Palmer Region.

63.     As a matter of uniform policy, the number of hours allocated per shift and the work expected to be accomplished per shift are determined by centralized pay

COLLECTIVE COMPLAINT AND JURY DEMAND

policies and/or practices that are based on centralized guidance and compliance reports from corporate DaVita which are used in all DaVita clinics throughout Team Fusion-Palmer and the United States to determine and limit the cost of labor including, but not limited to: Patient to Staff Ratios, Anaplan tracking of labor performance, Direct Patient Care budgets, Labor Forecasts Summaries, LEAD Reports for all clinics, monthly and yearly Labor Deep Dive reports, including reports on budget performance, labor, and overtime, for all clinics, chronic daytime labor reports for all clinics, Maestro scheduling for all clinics, People Net and Snappy documentation used by Deep Dive to arrive at labor hours for all clinics, open/close packets for all clinics, and Roll Ups of all labor hours for all clinics.

64.    Plaintiffs and other DaVita clinical and/or clerical employees have the same or similar primary job duties of providing training, clinical, and/or clerical support for DaVita clinics throughout the Team Fusion-Palmer Region which are controlled by Defendants' centralized corporate policies and procedures of restricting the budgeted amount to be paid to its employees (labor), but not allotting enough time to complete the work-related tasks to care for patients in DaVita dialysis clinics.

65.    Plaintiffs and other Team Fusion DaVita clinical and/or clerical employees performed work prior to their shift, at the end of their shift, and during their meal break which was unpaid by Defendants because it was not allotted by the labor budget.

66.    As a matter of uniform policy, Defendants failed and refused to pay Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees for their work in excess of 40 hours per workweek.  In doing so, Defendants failed to pay Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees

overtime wages for their work performed off the clock in excess of their 40-hour workweek.

67.     At all times relevant to this action, Defendants employed persons including the Plaintiffs and other DaVita clinical and/or clerical employees in the Team Fusion-Palmer Region.

68.     At all times relevant to this action, Defendants commanded when, where, and how much labor Plaintiffs and DaVita clinical and/or clerical employees in the Team Fusion-Palmer Region were to perform.

## 29 U.S.C. §216(b) COLLECTIVE ACTION ALLEGATIONS

69.     Plaintiffs bring their claims (First Claim for Relief herein) pursuant to the FLSA as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all similarly situated employees currently and formerly employed by Defendants in the Team Fusion-Palmer Region.  The FLSA provides a three-year statute of limitation for claims of willful violations brought pursuant to 29 U.S.C. §255(a).

70.     Equitable tolling is permitted in circumstances of timely filed defective pleadings during the statutory period.

71.      Plaintiffs define this collective as all non-exempt employees employed by Defendants in DaVita clinics located in the Team Fusion-Palmer Region between November 16, 2014 and the present.

72.     All 216(b) collective members are similarly situated because they have the same claim asserted by the Plaintiffs.  Exhibit 3, Transcript of 1/18/17 Hearing in *Oldershaw v. DaVita Healthcare Partners, Inc.*, Civil Action No. 1:15-cv-01964-MSK-

COLLECTIVE COMPLAINT AND JURY DEMAND

NYW, pp. 30-31; *Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110, 1114 (D. Colo. 2017).

73.     Defendants' uniform policy of not compensating Plaintiffs for overtime hours in violation of the FLSA in order to stay within their budgets set forth in the compliance reports – from which all of Plaintiffs' claims arise.  Each claim raises the common question: whether such violation of the FLSA has, in fact, occurred.  This is sufficient for joinder of all hourly employees working in DaVita clinics in the Team Fusion-Palmer Region.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act 29 U.S.C. §201 *et. seq*.**

74.     Plaintiffs reallege each of the allegations contained in Paragraphs 1-73 as fully set forth herein.

75.     Plaintiffs assert this First Claim for Relief on their own behalf and on behalf of those similarly situated.

76.     Defendants violated 29 U.S.C. §207 when they knew that Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees were working outside of their scheduled shift before their shift, after their shift, during their lunch breaks, and travel time off the clock, but failed to pay Plaintiffs and other Team Fusion-Palmer DaVita clinical and/or clerical employees overtime for all hours worked over 40 hours in a workweek.

77.     Defendants' violation of the FLSA was willful pursuant to 29 U.S.C. §255(a).

COLLECTIVE COMPLAINT AND JURY DEMAND

78.     Plaintiffs and other Team Fusion DaVita clinical and/or clerical employees are entitled to recover unpaid overtime wages, liquidated damages, attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiffs, and those similarly situated, request an Order from this Court that Plaintiffs be awarded:

a.  Judicial Notice to the collective and the opportunity to opt-in to be provided to all potential collective members;

b.  Plaintiffs and the 216(b) collective be awarded unpaid overtime wages;

c.  Plaintiffs and the 216(b) collective be awarded liquidated damages as required by law;

d.  Plaintiffs and the 216(b) collective be awarded pre-judgment and post-judgment interest as permitted by law;

e.  Plaintiffs and the 216(b) collective be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

f.  Plaintiffs and the 216(b) collective be awarded such other and further relief as may be necessary and appropriate.

COLLECTIVE COMPLAINT AND JURY DEMAND

## JURY DEMAND

Plaintiffs and those similarly situated as part of a collective pursuant to the FLSA request a trial by jury on all issues so triable.

DATED: June 25, 2018.

Respectfully submitted,

RAMOS LAW

*/s/ Colleen T. Calandra*
Colleen T. Calandra

*/s/ Madison Fiedler Carlson*
Madison Fiedler Carlson

3000 Youngfield Street
Wheat Ridge, CO 80215
Telephone: (303) 733-6353
Fax Number: (303) 865-5666
Email: colleen@ramoslaw.com
        madison@ramoslaw.com

Wilcox Law Firm, LLC

*/s/ Ronald L. Wilcox*
Ronald L. Wilcox
383 Corona Street, #401
Denver, CO  80218
Telephone:  (303) 594-6720
Email:  *ron@wilcox.legal*

*ATTORNEYS FOR PLAINTIFFS*

COLLECTIVE COMPLAINT AND JURY DEMAND